THOMAS E. FRANKOVICH (State Bar #074414)
THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*
1165 Hoff way, #203
Orland, CA 95963
Telephone: 415-389-8600
Cell: 530-824-1000
Email: tfrankovich@disabilitieslaw.com

Attorney for Plaintiff
BYRON CHAPMAN

CRIS C. VAUGHAN (SB No. 99568
VAUGHAN & ASSOCIATES
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Tel: 916-660-9401/Fax:916-660-9378
Email: cvaughan@adasolutionsgroup.com, and

Attorneys for Defendant, Makhan Singh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN, | CASE NO.  2:18-cv-03150-JAM-KJN |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| M & B DISCOUNT WINE & LIQUOR MAKHAN SINGH | Before the Honorable John A. Mendez |
| Defendant, | |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Requiring

Joint Status Report to be filed (Dkt No. 10), Plaintiff BYRON CHAPMAN and Defendant,

MAKHAN SINGH, submit the following Joint Status Report.

**NATURE OF THE CASE**

**PLAINTIFF**

This is a civil rights action for discrimination against persons with physical

1   disabilities, of which class plaintiff BYRON CHAPMAN and the disability community are

2   members, for failure to remove architectural barriers structural in nature at defendant's M & B

3   DISCOUNT WINE & LIQUOR, sometimes referred to only as M & B, a place of public

4   accommodation, thereby discriminatorily denying plaintiff and the class of other similarly

5   situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity

6   to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

7   Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of

8   1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California

9   Health & Safety Code §19955, *et seq.*

10   Plaintiff is a person with physical disabilities who, on or about October 16, 2017,

11   January 23, 2018 and July 23, 2018 (and deterred thereafter), was an invitee, guest, patron,

12   customer at defendant's M & B DISCOUNT WINE & LIQUOR, in the City of Sacramento,

13   California. At said time(s) and place, defendant failed to provide proper legal access to the

14   Store, which is a "public accommodation" and/or a "public facility" including, but not limited to

15   signage, parking, path of travel, service counter. The denial of access was in violation of both

16   federal and California legal requirements, and plaintiff suffered violation of his civil rights to full

17   and equal access and was embarrassed and humiliated.

18   Plaintiff BYRON CHAPMAN has a spinal cord injury which affects both lower

19   extremities (i.e., right leg has no motor skills, but heightened sensitivity and left leg has

20   approximately 15% to 20% motor skills and no sensitivity). Plaintiff BYRON CHAPMAN relies

21   primarily on a wheelchair to travel about in public. Consequently, plaintiff BYRON CHAPMAN

22   is a member of that portion of the public whose rights are protected by the provisions of Health

23   & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

24   Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and

25   51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42

26   U.S.C. §12101, *et seq.*

27   On or about October 16, 2017, plaintiff BYRON CHAPMAN encountered the

28   following architectural barriers in the parking lot area serving M & B DISCOUNT WINE &

1    LIQUOR and as a legal result had the following adverse experiences: The parking was non

2    compliant. There were six to seven parking stalls in front of the Store and seven on the side.

3    None were handicapped accessible, no van accessible parking. No disabled parking signage and

4    plaintiff BYRON CHAPMAN was compelled to take up two regular parking stalls. As a legal

5    result plaintiff BYRON CHAPMAN was fearful someone might vandalize his vehicle for

6    parking as he did. Plaintiff was forced to wheel behind parked vehicles in the vehicular path of

7    travel, putting him at personal risk as there was a six-inch curb in front and approximately a two

8    inch rise on the side. There was no access from M & B parking to its entrance. Plaintiff BYRON

9    CHAPMAN had to wheel to the 99 Cent Store and access its sidewalk in order to wheel to

10    M & B Liquor.

11       On or about October 16, 2017, plaintiff BYRON CHAPMAN encountered

12    the following architectural barriers in M & B and as a legal result had the following adverse

13    experiences: The aisles were blocked with merchandise. Hence plaintiff did not have accessible

14    routes making it difficult to maneuver his wheelchair while shopping; the credit card reader was

15    too high, mounted on a pipe and moved and as a legal result plaintiff could not read it and had

16    difficulty reaching and using it.

17       On or about October 16, 2017, plaintiff BYRON CHAPMAN spoke to "Tony"

18    about access issue and gave him a note to give to the manager. The note read:

19       **"Oct 16, 2017 Byron Chapman      2220 MT. Errigal Ln.**

20                                       **Lincoln, CA 95648**

21                                       **M & B Discount Wines & Liquors**

22                                       **2230 El Camino Blvd.**

23                                       **Sacramento, CA**

24       **Dear Tony,**

25        **Please give this note to the Manager.**

26        **Recently I was at the M & B Discount Wines & Liquors.**

27        **You see I use a wheelchair and had problem with the**

28        **disability parking. There is no disability parking at your**

1      **business so I had to travel behind seven parked cars go**

2      **to and coming from my vehicle.**

3      **Tony was very helpful with my purchase.**

4      **You need to look this and reaching the credit card**

5      **device was also hard to oops – reach and anything else**

6      **that affects a wheelchair user and make them accessible.**

7      **Now that I think about it, getting around (down) was**

8      **difficult on some aisles.**

9      **Please write me when you get this note in a day or**

10      **two and let me know what you will do and your thoughts**

11      **on this matter.**

12      **Respectfully,**

13      **Byron Chapman"**

14   Plaintiff Byron Chapman never received a response.

15      On or about January 23, 2018, plaintiff BYRON CHAPMAN encountered the

16 following architectural barriers in the parking area serving M & B and inside M & B and as a

17 legal result had the following adverse experiences: There were no changes. All Architectural

18 Barriers still existed. Plaintiff encountered the same parking barriers and resulting adverse

19 experiences as on October 16, 2017; once inside M & B plaintiff BYRON CHAPMAN was

20 unable/had difficulty using the credit card device. The service counter was also too high and

21 plaintiff BYRON CHAPMAN stressed and strained to use the surface of the counter.

22      On or about July 23, 2018, plaintiff BYRON CHAPMAN encountered

23 the following architectural barriers at/in M & B and as a legal result had the following adverse

24 experiences: There was no signage for disabled parking; no van accessible parking; there was

25 no access from the parking area to the entrance causing plaintiff to wheel to the 99 Cent Store

26 to wheel on an accessible route; merchandise blocked aisles; counter was high/ as a legal result

27 plaintiff exposed to personal risk in the parking lot and had difficulty dealing with the other

28 architectural barriers as stated herein.

1

**DEFENDANT**

2     Defendant denies liability and contends Plaintiff was not injured, deterred, or damaged as

3  a result of his alleged visits to the subject property.

4

**A.  SERVICE OF PROCESS**

5     All parties known to defendants have been served.

6  **B.  POSSIBLE JOINDER OF PARTIES**

7     None anticipated.

8  **C.  ANTICIPATED AMENDMENT OF PLEADINGS**

9     Plaintiff does not anticipate amendment of pleadings at this time.

10 **D.  JURISDICTION AND VENUE**

11     **1.  Jurisdiction**

12        This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for

13        violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et*

          *seq*. Pursuant to pendant jurisdiction, attendant and related causes of action,

14        arising from the same nucleus of operative facts and arising out of the same

15        transactions, are also brought under parallel California law, whose goals are

16        closely tied with the ADA, including but not limited to violations of California

17        Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955

          *et seq.*, including §19959; and California Building Code.

18

19     **2.  Venue**

20
          Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

21        founded on the facts that the real property which is the subject of this action is

22        located at/near 2230 El Camino Ave, in the City of Sacramento, County of

23        Sacramento, State of California, and that plaintiff's causes of action arose in this

24        county.

25

26 **E.  ANTICIPATED MOTIONS AND THE SCHEDULING OF MOTIONS**

27     **PLAINTIFF**
       None
28

---

**Joint Status Report**                                                  **CASE NO. 2:18-CV-03150-JAM-KJN**

**DEFENDANT**

Defendant may file a motion for summary judgment following completion of discovery.

**F. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

Plaintiff requests that the Court order the following discovery plan:

1. Disclosure under Rule 26 will be made by July 29, 2019.

2. Discovery will be needed in relation to the removal of architectural barriers. Discovery will be completed by December 31, 2019 and should not be done in phases.

3. Plaintiff requests being allowed 45 interrogatories.

4. The disclosure of expert witnesses should be done by September 1, 2019.

**G. CUT-OFF DATES**

| | **PLAINTFF** | **DEFENDANT** |
|---|---|---|
| 1. | Discovery: November 15, 2019 | January 17, 2020 |
| 2. | Motions: November 30, 2019 | February 11, 2020 |
| 3. | Pre-trial: February 14, 2020 | May 11, 2020 |
| 4. | Trial: February 28, 2020 | June 1, 2020 |

**H. APPROPRIATENESS OF SPECIAL PROCEDURES**

Parties request Voluntary Dispute Resolution Program

**I. ESTIMATE OF TRIAL TIME**

Plaintiff requests a jury trial. Estimate 3 days.

**J. MODIFICATION OF STANDARD PRE-TRIAL PROCEDURE**

None.

**K. RELATED CASES**

None.

**L. SETTLEMENT CONFERENCE SCHEDULING**

Not at this time as parties request VDRP.

**M. OTHER MATTERS THAT MAY ADD TO THE EXPIDITIOUS DISPOSITION**

Parties place reemphasis on that this case should be mediated prior to a settlement conference.

///
///
///
///

1

Dated: June 26, 2019                          Thomas E. Frankovich
                                                  *A Professional Law Corporation*

2

                                              By: /s/ Thomas E Frankovich

3                                                 Thomas E. Frankovich
                                                  Attorney for Plaintiff

4                                                 BYRON CHAPMAN

5

Dated: June 28, 2019                          VAUGHAN & ASSOCIATES

6

                                              /s/ CRIS C. VAUGHAN____

7

                                              CRIS C. VAUGHAN

8

                                              Attorney for Defendant, Makhan Singh

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28